(15 App. Div. 495.)

FEIST v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

PLEADING—ANSWER—SIGNATURE AND ADDRESS OF ATTORNEY.

 Code Civ. Proc. § 421, providing that a notice of appearance "or" a pleading by which defendant appears must give the office address of defendant's attorney after his signature, does not require such address to be given on the answer where it has been given on a notice of appearance.

Appeal from special term, New York county.

Action by Jacob Feist against the mayor, aldermen, and commonalty of the city of New York. From an order vacating the judgment by default against defendant, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

B. F. Chadsey, for appellant.
Robert Shaw Barlow, for respondent.

INGRAHAM, J. The answer of the defendant in this action was served upon the plaintiff's attorney on the 18th day of December,

1896, and within 24 hours the same was returned, two reasons being specified: First, that the said answer did not comply with sections 421 and 417 of the Code of Civil Procedure, in that the post-office and office address of the defendant's attorney and his street number, including name of the city, etc., was not stated upon the face of the answer, after his name as such attorney; and, second, that the said answer was not folioed in accordance with the requirements of practice and the Code. This second reason for the return was not relied on, as it appears that the answer was not over two folios in length, and therefore not required to be folioed. The plaintiff, however, insists upon his right to return the answer for the reason first given, viz. upon the ground that the post-office and office address, with the street number, was not stated upon the face of the answer. The plaintiff having specified the irregularity of which he complains in his notice returning the answer, he must be confined to the irregularity specified. The question, therefore, depends upon the provisions of section 421 of the Code. That section relates solely to the appearance of the defendant, and it provides that such appearance must be made by serving upon the plaintiff's attorney, within 20 days after service of the summons, a notice of appearance, or a copy of the demurrer or answer. The sufficiency of an answer, as an appearance by the defendant, is regulated by this section. The title, which includes this section in question, relates to the commencement of the action, and the method by which a defendant may be made a party thereto. Section 417 of the Code, to which reference is made in section 421, relates to the summons, and the requirements thereof, and to the signature of the plaintiff's attorney and his post-office address, as indicating the place for the service of all papers to be subsequently served in the action. Section 421 regulates the appearance of the defendant, and such appearance must be subscribed by the defendant's attorney in the same way as the summons by the plaintiff's attorney. When, however, the defendant's appearance has been entered by the service of a notice of appearance to which the defendant's name is subscribed as required by section 421, the defendant has appeared in the action. Such appearance has been duly made in this case, and the answer of the defendant was not served as an appearance of the defendant in the action. The provision of the section that a notice or pleading so served, viz. served as the appearance of the defendant, did not apply to a pleading served not as such appearance, but as the answer of the defendant to the plaintiff's complaint. Section 422 of the Code provides for the service of an answer upon the plaintiff's attorney for the purpose of preventing judgment by default; but there is no provision there requiring that the post-office address must be added to the signature of the defendant's attorney. We think, therefore, that the answer served did not violate either of the sections of the Code mentioned, that its return by the plaintiff was unauthorized, and that the judgment entered by default was properly vacated. The order, however, after setting aside the judgment, provided that all further proceedings on the part of the plaintiff be stayed until the payment

of the costs directed to be paid by the order. This provision was unauthorized. The Code expressly provides under what circumstances the nonpayment of costs directed by an order shall stay the proceedings, and this provision is more extensive than the stay provided for by law.

As the plaintiff has appealed from each and every part of the order, the order should be modified by striking out this clause in the order staying proceedings; and, as so modified, affirmed, without costs. All concur.